IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BRANDON D. KELSCH,

                    Plaintiff,

          v.                              CASE NO.  08-3253-SAC

KANSAS DEPARTMENT
OF SRS, et al.,

                    Defendants.

O R D E R

     This civil rights complaint, 42 U.S.C. § 1983, was filed by
a person confined at the Larned State Hospital, Larned, Kansas
(LSH) for participation in the Kansas Sexual Predator Treatment
Program (SPTP).  Plaintiff names as defendants the Kansas Social
and Rehabilitation Services (SRS) and the Kansas Sexual Predator
Program.

     Plaintiff claims that while in the program, he has never
been provided "proper access to the courts."  In support, he
alleges he is denied access to "a constitutionally adequate law
library[1]" as well as sufficient time in the law library[2], and that

---

[1]     In support, plaintiff alleges the statutes available on the system
are dated 2006, which is two years out of date; and that the program includes
state statutes and case law, but no forms or court addresses.

[2]     In support, plaintiff alleges each resident is limited to one hour
of computer access per day, that there is only one computer in his area which is
only available 4.5 hours per day, and that there are many days when access is
denied.  He further alleges he is not guaranteed but one hour per week.

no supplies[3], postage, or trained assistants[4] are provided.  He also alleges that in March, 2008, Lexis Nexis was installed on the law library computer, but no training on this program is provided to "those unfamiliar with it."

Plaintiff alleges he has read newspaper articles and knows his rights are being violated, but is "unable to file" due to this lack of court access and is just trying this form complaint.  He asserts that his constitutional rights under the Fourteenth Amendment have been violated.  The court is asked to compel "the program" to provide "one computer for every 4 residents on each unit," all day access to the law library, a trained assistant or program to train residents to help, all necessary supplies, postage, and an up-to-date law library; and to enjoin defendants from hindering or preventing access to the courts.

Plaintiff states that he has not sought administrative relief because the grievance system is "inadequate" and takes "no less than 8 months" to complete.


**MOTION TO PROCEED IN FORMA PAUPERIS**

Ordinarily, a plaintiff must pay a filing fee of $350.00 to bring a civil action in federal court.  28 U.S.C. § 1914(a).  An

---

[3]     In support, plaintiff alleges that "the facility" refuses, due to budget concerns, to pay for paper, envelopes, pens, notary services, and for legal mail postage.  He also alleges that notary services are provided once per week if requested ahead of time.  At the same time however, plaintiff apparently receives "indigent pay" each month from LSH.

[4]     In support, plaintiff alleges that they may request legal material, but must cite exactly what they are seeking and are not provided legal advice.

indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. <u>Nietzke v. Williams</u>, 490 U.S. 319, 324 (1989).

Having considered the statements made by plaintiff in his application to proceed in forma pauperis and affidavit[5], the court is satisfied at this juncture that plaintiff's allegation of poverty is true, and that plaintiff is financially unable to pay any portion of the filing fee[6]. <u>See Lee v. McDonald's Corp.</u>, 231 F.3d 456, 458-59 (8th Cir. 2000)(stating a court must determine whether the "allegation of poverty is untrue" when it assesses the affidavit supporting an application to proceed in forma pauperis); <u>see also Potnick v. Eastern State Hosp.</u>, 701 F.2d 243, 244 (2nd Cir. 1983). As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**<u>SCREENING</u>**

---

[5]     Plaintiff states in his motion that he has enclosed a "financial certificate filled out by the facility showing his account for the past 6 months." However, no such certificate has been provided.

[6]     Since a person civilly committed to the SPTP is not a prisoner serving a sentence for a crime, provisions in the Prison Litigation Reform Act (PLRA) requiring an initial partial payment and full payment over time, 28 U.S.C. § 1915(b), do not apply.

The Court is required to screen an in forma pauperis complaint and may dismiss the complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).  A claim is "frivolous" if it "lacks an arguable basis in law or in fact."  Neitzke, 490 U.S. at 325; see also Denton v. Hernandez, 504 U.S. 25, 27 (1992).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___U.S.___, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must liberally construe the complaint.  Haines v. Kerner, 404 U.S. 519, 520 (1972); see Hughes v. Rowe, 449 U.S. 5, 9 (1980).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton, 504 U.S. at 32-33.  Having reviewed the materials filed, the court finds this action is subject to being dismissed for reasons that follow.  Plaintiff will be given the opportunity to cure the deficiencies in his complaint.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

Plaintiff's claim that he is being denied access to the courts is subject to being dismissed for failure to state sufficient facts in support of a federal constitutional violation.  His allegations that (among other things) the law library at SPTP

is inadequate without more, simply do not state a denial of access to the courts claim.   To state such a constitutional claim, plaintiff must allege not just some deficiencies in the prison's legal assistance program, but also that he suffered actual prejudice to a non-frivolous court action.   See Lewis v. Casey, 518 U.S. 343, 351 (1996).   There being no such allegation in the instant complaint, plaintiff's claim is subject to being dismissed for failure to state a claim pursuant to § 1915(e)(2)(B).

**FAILURE TO NAME "PERSON" AS DEFENDANT**

Defendants KSRS and SPTP are subject to being dismissed for the reason that neither the state agency nor the SPTP facility is a "person" subject to suit under Section 1983.   See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005).   Since the only two defendants against whom the suit is brought are state agencies or state entities, the action is subject to being dismissed for failure to name a proper defendant.

**MOTION TO APPOINT COUNSEL**

Plaintiff is not entitled to appointment of counsel in this civil rights action.   From the complaint and motions, it appears he is capable of providing facts in support of his claim.   The court

determines in its discretion that counsel is not required in this case at this time, particularly since a constitutional claim has not been stated.  Plaintiff may renew his motion at a later time, if the action survives screening.

      **IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and plaintiff's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

      **IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days to show cause why this action should not be dismissed for failure to state sufficient facts in support of a claim of denial of access and for failure to name a proper defendant.

      **IT IS SO ORDERED**.

      Dated this 10th day of October, 2008, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge